Justice Alito,
dissenting.
For the reasons set out in Parts I and II of Justice Scalia’s dissent, the Court’s holding in this case misapplies our ineffective-assistance-of-counsel case law and violates the requirements of the Antiterrorism and Effective Death Penalty Act of 1996. Respondent received a trial that was free of any identified constitutional error, and, as a result, there is no basis for concluding that respondent suffered prejudice and certainly not for granting habeas relief.
The weakness in the Court’s analysis is highlighted by its opaque discussion of the remedy that is appropriate when a plea offer is rejected due to defective legal representation. If a defendant’s Sixth Amendment rights are violated when deficient legal advice about a favorable plea offer causes the opportunity for that bargain to be lost, the only logical remedy is to- give the defendant the benefit of the favorable deal. But such a remedy would cause serious injustice in many instances, as I believe the Court tacitly recognizes. The Court therefore eschews the only logical remedy and relies on the lower courts to exercise sound discretion in determining what is to be done..
Time will tell how this works out. The Court, for its part, finds it unnecessary to define “the boundaries of proper discretion” in today’s opinion. Ante, at 171. In my view, re *188 quiring the prosecution to renew an old plea offer would represent an abuse of discretion in at least two circumstances: first, when important new information about a defendant’s culpability comes to light after the offer is rejected, and, second, when the rejection of the plea offer results in a substantial expenditure of scarce prosecutorial or judicial resources.
The lower court judges who must implement today’s holding may — and I hope, will — do so in a way that mitigates its potential to produce unjust results. But I would not depend on these judges to come to the rescue. The Court’s interpretation of the Sixth Amendment right to counsel is unsound, and I therefore respectfully dissent.